UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FEDERICO PAZ,<br><br>            Plaintiff,<br><br>vs.<br><br>STATE OF IDAHO, WARDEN AL RAMIREZ, ROY ANTHONY SR., JOHN DOE ANTHONY, IMSI OFF. JOHN DOE, SANTOS GARZA JR.,<br><br>            Defendants. | Case No. 1:21-cv-00202-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

Pending before the Court is Plaintiff Federico Paz's wrongful death lawsuit regarding his "biological descendant daughter" Eloisa Paz. Dkt. 1. The Court is required to review in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915. The Court must dismiss a complaint or any portion thereof that states frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Ninth Circuit has determined that a case or claim "is frivolous if it is of little weight or importance: having no basis in law or fact." *See Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (internal citations and punctuation omitted).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

For the reasons set forth below, Plaintiff's Complaint will be dismissed with prejudice without leave to amend.

## REVIEW OF AMENDED COMPLAINT

### 1. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted).

A complaint should not be dismissed without leave to amend unless it is clear that the complaint's deficiencies cannot be cured. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

Title 28 U.S.C. § 1915(g) provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is

frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

3. **Factual Background and Discussion**

Plaintiff alleges that, in October 1990, John Doe Anthony and IMSI Officer John Doe opened his prison cell and let in civilians Santos Garza and Roy Anthony, who took Plaintiff out of his cell. The civilians drove him to Jump Creek, northwest of Marsing, Idaho, and showed him the body of Eloisa Paz. Roy's son, John Doe Anthony, told Plaintiff, "She was talking bad about you. She was calling you names." However, Eloisa's mom accused Plaintiff of being responsible for killing Eloisa. Dkt. 1, pp. 3-4.

Plaintiff does not explain how the state of Idaho, Warden Ramirez, or the IMSI Officer who allowed Plaintiff to leave his cell in October 1990 had anything to do with the death of Eloisa Paz, who, by Plaintiff's own allegations, was already deceased when the civilians took him to view her body at Jump Creek. There are no allegations showing that the state actors have a causal connection to the death of Eloisa Paz such that Plaintiff could maintain a wrongful death lawsuit against them or the state of Idaho.

The other Defendants are not state actors. In any event, Plaintiff knew that they wrongfully killed Eloisa Paz in October 1990. Therefore, his two-year statute of limitations for a wrongful death lawsuit would have run in 1992. He is almost 30 years too late in filing his Complaint.

In addition, Plaintiff has made many prior frivolous allegations about these same and other civilians entering Plaintiff's prison cell or removing him from prison for various reasons. For example, in Case No. 1:20-cv-00013-BLW, Plaintiff alleged that, in the Fall

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

of 1989, Roy Anthony entered ISCI and plucked Plaintiff's eyebrows. Plaintiff further alleged in that action:

> In the Spring of '88 in Bldg #8 of Id. St. Corr. Inst. Roy Anthony was impersonating an elder man working as an officer. At Id. Max. Sec. Inst. In the spring of '98 he was again impersonating an elder man working as an officer at C-Blk. In the Spring of 2019 at Id. St. Corr. Inst. he was impersonating inmate Larry Young and also impersonating a young officer in Blding. 16A. One time he came in (at Id. St. Corr. Inst.) to Bldg. 16 impersonating a detective along with his cousin Donny Ray Pegram to interrogate me about a murder at Mt. Angel, Oregon in 1976.
>
> In Id. Max. Sec. Inst. in '90 Santos Garza told the plumbers to put plastic pipes called teflon, through the sewer pipes and he connected them to my sink in B-Blk.
>
> In the spring of '90 at Id. Max. Sec. Inst. at B-Blk Santos repeatedly took off my clothes and took me walking in Caldwell. One time he put a bull penus [sic] on my head fastened on a leather harness.
>
> * * *
>
> In the spring of 2018 twice Roy Anthony took off my clothes in front of Building 16 of Id. St. Corr. Inst. and carried me running all over the prison.
>
> In October 25 of 2019 Roy had had the guards open my cell and took off my clothes and grabbed my anus as I lay on my bed of Building 8 at Id. St. Corr. Inst. <u>on protective status</u>.

Dkt. 3, pp. 1-4 in that case (verbatim).

Because the Defendants in this action are some of the same persons against whom Plaintiff previously has asserted frivolous allegations and the allegations from Plaintiff's many complaints are from the same time period (approximately 30 years ago), the Court concludes that the Complaint in this case is frivolous in subject matter. Plaintiff's

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

allegations fit within the type that have no basis in law or fact and can be described as "fanciful," "fantastic," or "delusional." *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Therefore, there is no reason to provide Plaintiff with an opportunity to rebut the obvious untimeliness issue in this case or otherwise permit him to amend.

This case will be dismissed with prejudice without leave to amend, and Plaintiff will be issued a strike.

**ORDER**

**IT IS ORDERED:**

1. Plaintiff's Motion to Consider Re-Litigation of 1983 Complaint and (second) Amended Complaint (Dkt. 5) is DENIED.

2. Plaintiff's Complaint (Dkt. 1) and this entire action are DISMISSED with prejudice on the ground of frivolousness.

3. Plaintiff's Motion to Add Exhibits and Try Together of All Complaints and Information (Dkt. 8) is DENIED.

4. Plaintiff's Motion for Service and Filing of Papers (Dkt. 9) is DENIED.

5. Plaintiff's duplicate Motion to Proceed in Forma Pauperis (Dkt. 7) is DENIED as MOOT.

6. Plaintiff Federico Paz is issued a strike under 28 U.S.C. § 1915(g) for filing a complaint containing claims that are frivolous.

7. Plaintiff shall file nothing further, and the Clerk of Court shall accept nothing further for filing from Plaintiff, in this closed case, with the exception of a notice of appeal.

Plaintiff is advised that any attempted filings will not be filed and not be returned to him.

DATED: September 1, 2021

_____
David C. Nye
Chief U.S. District Court Judge

INITIAL REVIEW ORDER BY SCREENING JUDGE - 6